**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| STATE OF GEORGIA,<br>Plaintiff,<br>v.<br>NATHALIE DE JESUS and GARIBALDY FELIZ GARCIA,<br>Defendants. | Civil Action No.<br>1:25-cv-05104-SDG |

**OPINION AND ORDER**

This case is before the Court after *pro se* Defendants Nathalie De Jesus and Garibaldy Feliz Garcia filed a notice of removal of a criminal prosecution against them, which was initiated in the State Court of Clayton County, Georgia [ECF 1]. In the criminal prosecution, the State of Georgia brings seven driving-related charges against Defendants. Because Defendants' notice of removal was untimely, and they have not carried their burden to establish this Court's subject matter jurisdiction, this case is **REMANDED**.

## I. APPLICABLE LEGAL STANDARD

Defendants rely on 28 U.S.C. §§ 1331, 1441, and 1446 to remove this case.[1] However, it is 28 U.S.C. § 1455 that provides the procedure for removing a state criminal prosecution to a federal district court. *Georgia v. Meadows*, 692 F. Supp. 3d 1310, 1318 (N.D. Ga.), *aff'd*, 88 F.4th 1331 (11th Cir. 2023).

---

1 ECF 1-1, at 1.

Under § 1455(a), "defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." The notice of removal "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," except that the district court may grant the defendants leave to file the notice later, on a showing of good cause. 28 U.S.C. § 1455(b)(1). The notice must also state all grounds for removal, and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." *Id.* § 1455(b)(2). After the notice of removal is filed, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4). For a state criminal prosecution removed under § 1455, the defendant has the burden of establishing subject matter jurisdiction. *Meadows*, 692 F. Supp. 3d at 1318 n.4.

## II. DISCUSSION

Because Defendants' removal of their criminal prosecution was untimely, and they have not carried their burden of establishing this Court's subject matter

jurisdiction over the case, the Court summarily remands this case to Clayton County State Court.

First, Defendants' removal was untimely. According to Clayton County State Court records, Defendants were arraigned on June 23, 2025, entering pleas of not guilty.[2] However, they did not file their notice of removal until September 8.[3] Thus, their removal was untimely. Defendants have not given an explanation for their delay, and so they have not shown good cause to excuse their untimeliness.

Second, Defendants have not carried their burden of establishing this Court's subject matter jurisdiction. Section 1455 "does not provide criminal defendants with a separate right to remove their cases from state court," but rather "merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision." *Kruebbe v. Beevers*, 692 F. App'x 173, 176 (5th Cir. 2017); *accord Maine v. Counts*, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (citing *Kruebbe*); *Meadows*, 692 F. Supp. 3d at 1318–19 (citing *Counts*). Defendants rely on 28 U.S.C.

---

2 *Georgia v. Garibaldy*, No. 2024CR02157 MG (Clayton Cnty. State Ct.), https://www.claytoncountyga.gov/government/courts/court-case-inquiry/(follow "Criminal Case Search: Case Search" hyperlink; then open "Select Court" drop-down menu and select "State Court"; then search "Case Number" field for "2024-CR-02157-MG").

3 ECF 1.

§§ 1331, 1441, and 1446, but those statutes are specific to "civil actions."[4] The additional statutes referred to in Defendants' notice of removal relate to the merits (such as they are) of their claims that the prosecution violates their constitutional rights. None of the statutes cited in the notice establish that this Court may exercise subject matter jurisdiction over a criminal prosecution brought by the State of Georgia in a Georgia state court to enforce Georgia driving laws against these Defendants. *See Meadows*, 692 F. Supp. 3d at 1318 (quoting *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981)) ("There is a 'strong judicial policy against federal interference with state criminal proceedings.'"); *cf. Willingham v. Morgan*, 395 U.S. 402, 409 n.4 (1969) (noting that, in the context of the federal officer removal statute,

---

4 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all ***civil actions*** arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1441: "Except as otherwise expressly provided by Act of Congress, any ***civil action*** brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1446: "A defendant or defendants desiring to remove any ***civil action*** from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ."

The Court also notes that "[p]rior to 2011, 28 U.S.C.A. § 1446(c) provided for removal of criminal cases," but "[t]hose provisions were moved to a new § 1455 when the removal statute was amended in 2011." *Wright & Miller's Federal Practice & Procedure* § 3721.1 n.26 (Rev. 4th ed.).

28 U.S.C. § 1442(a)(1), "[w]ere this a criminal case, a more detailed showing might be necessary because of the more compelling state interest in conducting criminal trials in the state courts"). Accordingly, Defendants have not carried their burden of establishing this Court's subject matter jurisdiction.[5]

For all of these reasons, this case must be remanded.

## III. CONCLUSION

This case is summarily **REMANDED** pursuant to 28 U.S.C. § 1455(b)(4). Defendants' motion for alternative service [ECF 4] is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to remand this case to the State Court of Clayton County, Georgia, and to close this action.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge

---

[5] Even if the Court were to construe Defendants' notice of removal liberally to rely on 28 U.S.C. § 1443, which permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," Defendants have not carried their burden of establishing that § 1443 applies. To remove based on § 1443, Defendants "must show that the right upon which [they] rel[y] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Defendants have made no such showing here.